IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TGR INTELLECTUAL PROPERTIES, LLC and FLEXVIEW SYSTEMS, LLC<br><br>       Plaintiffs,<br> vs.<br><br>MIDMARK CORPORATION and BENCO DENTAL SUPPLY CO.<br><br>       Defendants. | Case No.: 16-cv-4201<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs TGR Intellectual Properties, LLC ("TGR") and Flexview Systems, LLC ("Flexview"), by and through their undersigned attorneys, for their complaint against Defendants Midmark Corporation ("Midmark") and Benco Dental Supply Co. ("Benco"), hereby allege as follows:

### NATURE OF LAWSUIT

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

### THE PARTIES

2. Plaintiff TGR Intellectual Properties, LLC is a North Carolina limited liability company with its principal place of business at 7751 Ballantyne Commons Pkwy #101, Charlotte, North Carolina 28277. TGR is the assignee of United States Patent Nos.

1

7,410,138, 7,828,252, 8,128,041, 8,403,274, 8,702,045 and 9,256,911.  TGR is owned by Dr. Shannon G. Parsons, a periodontist, the inventor of the patents.

3. Plaintiff Flexview Systems, LLC is a North Carolina limited liability company with its principal place of business at 7751 Ballantyne Commons Pkwy #101, Charlotte, North Carolina 28277.  Flexview manufactures and sells patented Flexview™ monitor mounting systems under license from TGR.  Flexview is also owned by Dr. Parsons.

4. Defendant Midmark Corporation is an Ohio corporation with its principal place of business at 60 Vista Drive, Versailles, Ohio 45380.  Defendant Midmark maintains an office at 675 Heathrow Drive, Lincolnshire, Illinois 60069, and transacts business and has offered to provide and/or provided products in this judicial district and throughout the State of Illinois that infringe claims of the asserted patents.

5. Defendant Benco Dental Supply Co. is a Delaware corporation with its principal place of business at 295 CenterPoint Boulevard, Pittston, Pennsylvania 18640.  Defendant Benco operates a dental showroom at 201 Hansen Court, Suite 110, Wood Dale, Illinois 60191, and transacts business and has offered to provide and/or provided products in this judicial district and throughout the state of Illinois that infringe claims of the asserted patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

### ALLEGATIONS COMMON TO ALL COUNTS

7. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,828,252 ("the '252 patent"), entitled "Adjustably

Positionable Display and Lighting Arrangement," issued on November 9, 2010. A copy of the '252 patent is attached as Exhibit 1. Flexview is the exclusive licensee of the '252 patent.

8. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,128,041 ("the '041 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on March 6, 2012. A copy of the '041 patent is attached as Exhibit 2. Flexview is the exclusive licensee of the '041 patent.

9. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,403,274 ("the '274 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on March 26, 2013. A copy of the '274 patent is attached as Exhibit 3. Flexview is the exclusive licensee of the '274 patent.

10. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,702,045 ("the '045 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on April 22, 2014. A copy of the '045 patent is attached as Exhibit 4. Flexview is the exclusive licensee of the '045 patent.

11. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 9,256,911 ("the '911 patent"), entitled "Method for Providing Health Care Service to a Patient Utilizing an Electronic Display," issued on February 9, 2016. A copy of the '911 patent is attached as Exhibit 5. Flexview is the exclusive licensee of the '911 patent.

12. Flexview manufactures and sells monitor mounting systems, including the Flexview™ Pro, shown below:



13. Flexview<sup>TM</sup> monitor mounting systems are typically sold for use in dental offices, but may also be used in other medical applications. The system is designed for optimal placement of a video screen for viewing by a dental patient, taking into consideration that a dental light must often also be used in conjunction with the video screen.

14. Flexview<sup>TM</sup> monitor mounting systems practice the inventions claimed in the patents asserted in this litigation, and are marked with the applicable patent numbers.

15. Flexview's monitor mounting systems have been promoted and displayed at dental industry trade shows since at least 2005.

16. Midmark sells equipment for use in dental offices including dental chairs, dental lights and monitor mounts.

17. Midmark sells a monitor mount system called the Track Light Monitor, as shown below:



18. Benco is an authorized dealer for Midmark and sells Midmark's Track Light Monitor.

19. Benco sells equipment for use in dental offices including dental chairs, dental lights and monitor mounts.

20. Midmark's Track Light Monitor is on an overhead track with a dental light.

21. Midmark sells its Track Light Monitor for installation and use in dental offices in conjunction with a dental light and dental chair, as shown below:



22. Midmark's Track Light Monitor enables the mounting of a video screen in a dental office for viewing of the video screen by a dental patient in a dental chair.

23. A monitor mounted with a Midmark Track Light Monitor may be disposed in a horizontal position, as shown below:



24. A monitor mounted in a dental office with a Midmark Track Light Monitor may be suspended directly above the headrest of a dental chair for viewing by a patient in the dental chair.

25. Midmark provides instruction and directions for purchasers regarding the installation and use of Midmark Track Light Monitors.

26. Midmark sells dental lights including the Midmark Light, shown below:



27. Midmark sells dental chairs including its Elevance, UltraTrim and UltraComfort dental chairs, as shown below:



28. Benco sells dental lights and dental chairs.

29. Benco provides instructions and directions for purchasers regarding the installation and use of Midmark Track Light Monitors.

7

## COUNT I

## MIDMARK – DIRECT INFRINGEMENT

30. Plaintiffs incorporate by reference the allegations of Paragraphs 1-29.

31. Midmark has directly infringed claims of the '252, '041, '274 and '045 patents through, among other activities, making, using, selling and/or offering for sale its Track Light Monitors in conjunction with an overhead dental light and dental chair.

32. On information and belief, Midmark made, used, sold and offered for sale its Track Light Monitors in conjunction with an overhead light and dental chair with knowledge of the '252, '041, '274 and '045 patents.

33. Midmark made, used, sold and offered for sale its Track Light Monitors in conjunction with an overhead light and dental chair despite an objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Midmark.

34. Midmark has willfully infringed claims of the '252, '041, '274 and '045 patents by making, using, selling and offering for sale its Track Light Monitors in conjunction with various models of overhead dental lights and dental chairs.

## COUNT II

## MIDMARK – CONTRIBUTORY INFRINGEMENT

35. Plaintiffs incorporate by reference the allegations of Paragraphs 1-29.

36. Midmark has contributed to the infringement of claims of the '252, '041, '274, '045 and '911 patents through, among other activities, selling and/or offering for sale its Track Light Monitors to dental offices.

37. The Midmark Track Light Monitor is a material component of the electronic display and lighting arrangement claimed in the '252, '041 and '274 and '045 patents.

38. The Midmark Track Light Monitor is a material component of the method for providing healthcare service to a patient claimed in the '911 patent.

39. On information and belief, Midmark knew that its Track Light Monitor was especially made or adapted for use in infringement of the '252, '041, '274 and '045 patents, and was not a staple article or commodity of commerce suitable for substantial noninfringing use in the dental office market.

40. Since the filing of this complaint, Midmark has known that its Track Light Monitor is especially made or adapted for use in infringement of the '252, '041, '274, '045 and '911 patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use in the dental office market.

41. Midmark sold and offered for sale its Track Light Monitor in the dental office market despite an objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Midmark.

42. Midmark has willfully infringed claims of the '252, '041, '274, '045 and '911 patents by selling and offering for sale its Track Light Monitor to the dental office market.

## COUNT III

## MIDMARK – INDUCED INFRINGEMENT

43. Plaintiffs incorporate by reference the allegations of Paragraphs 1-29.

44. Midmark has induced infringement of claims of the '252, '041, '274, '045 and '911 patents through, among other activities, selling and/or offering for sale its Track Light Monitor to dental offices with the specific intent that the Track Light Monitor would be installed for use in dental offices in conjunction with dental lights and dental chairs, and with full knowledge and awareness that such induced acts constituted infringement of the '252, '041, '274, '045 and '911 patents.

45. Midmark has sold its Track Light Monitors to the dental office market with the knowledge and intent that the Track Light Monitor would be installed and used in conjunction with a dental light and dental chair.

46. Plaintiffs have prominently marketed, promoted and displayed their Flexview$^{TM}$ monitor mounting systems at dental industry trade shows since at least 2005.

47. On information and belief, based on Flexview having marked the relevant patent numbers on Flexview$^{TM}$ monitor mounting systems, as well as the prominent marketing of the Flexview$^{TM}$ monitor mounting systems at dental industry trade shows and in the dental office market, Midmark had actual knowledge of the '252, '041, '274 and '045 patents.

48. Since the filing of this lawsuit, Midmark has had actual knowledge of the '911 patent.

49. Midmark has had actual knowledge that its Track Light Monitor, when used in a dental office in conjunction with a dental light and dental chair, infringed claims of the '252, '041, '274 and '045 patents, and sales of the Track Light Monitor to the dental office market would therefore induce infringement of the patents.

50. Since the filing of this complaint, Midmark has had actual knowledge that its Track Light Monitor, when used in a dental office in conjunction with a dental light and dental chair, infringed claims of the '911 patent, and sales of the Track Light Monitor to the dental office market would therefore induce infringement of the patent.

51. Midmark sold and offered for sale its Track Light Monitor in the dental office market despite an objectively high likelihood that its actions would induce infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Midmark.

52. Midmark has willfully induced infringement of claims of the '252, '041, '274, '045 and '911 patents by selling and offering for sale its Track Light Monitors to the dental office market.

## COUNT IV

## BENCO – DIRECT INFRINGEMENT

53. Plaintiffs incorporate by reference the allegations of Paragraphs 1-29.

54. Benco has directly infringed claims of the '252, '041, '274 and '045 patents through, among other activities using, selling and/or offering for sale Midmark Track Light Monitors in conjunction with various models of overhead dental lights and dental chairs.

55. On information and belief, Benco made, used, sold and offered for sale Midmark Track Light Monitors in conjunction with various models of overhead dental lights and dental chairs with knowledge of the '252, '041, '274 and '045 patents.

56. Benco made, used, sold and offered for sale Midmark Track Light Monitors in conjunction with various models of overhead dental lights and dental chairs despite an

objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Benco.

57. Benco has willfully infringed claims of the '252, '041, '274 and '045 patents by making, using, selling and offering for sale Midmark Track Light Monitors in conjunction with various models of overhead dental lights and dental chairs.

## COUNT V

## BENCO – CONTRIBUTORY INFRINGEMENT

58. Plaintiffs incorporate by reference the allegations of Paragraphs 1-29.

59. Benco has contributed to the infringement of claims of the '252, '041, '274, '045 and '911 patents through, among other activities, selling and/or offering for sale Midmark Track Light Monitors to dental offices.

60. The Midmark Track Light Monitor is a material component of the electronic display and lighting arrangement claimed in the '252, '041, '274 and '045 patents.

61. The Midmark Track Light Monitor is a material component of the method for providing healthcare service to a patient claimed in the '911 patent.

62. Benco knew or should have known that the Midmark Track Light Monitor was especially made or adapted for use in infringement of the '252, '041, '274 and '045 patents, and was not a staple article or commodity of commerce suitable for substantial noninfringing use in the dental office market.

63. Since the filing of this complaint, Benco has known that the Midmark Track Light Monitors is especially made or adapted for use in infringement of the '252, '041, '274,

'045 and '911 patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use in the dental office market.

64. Benco sold and offered for sale Midmark Track Light Monitors in the dental office market despite an objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Benco.

65. Benco has willfully infringed claims of the '252, '041, '274, '045 and '911 patents by selling and offering for sale Midmark Track Light Monitors to the dental office market.

## COUNT VI

### BENCO – INDUCED INFRINGEMENT

66. Plaintiffs incorporate by reference the allegations of Paragraphs 1-29.

67. Benco has induced infringement of claims of the '252, '041, '274, '045 and '911 patents through, among other activities, selling and/or offering for sale Midmark Track Light Monitors to dental offices with the specific intent that the Midmark Track Light Monitors would be installed for use in dental offices in conjunction with dental lights and dental chairs, and with full knowledge and awareness that such induced acts constituted infringement of the '252, '041 '274, '045 and '911 patents.

68. Benco has sold the Midmark Track Light Monitors to the dental office market with the knowledge and intent that the Midmark Track Light Monitors would be installed and used in conjunction with dental lights and chairs.

69. Plaintiffs have prominently marketed, promoted and displayed their Flexview™ monitor mounting systems at dental industry trade shows since at least 2005.

70. On information and belief, based on Flexview having marked the relevant patent numbers on Flexview™ monitor mounting systems, as well as the prominent marketing of the Flexview™ monitor mounting systems at dental industry trade shows and in the dental office market, Benco had actual knowledge of the '252, '041, '274 and '045 patents.

71. Since the filing of this lawsuit, Benco has had actual knowledge of the '911 patent.

72. Since at least the filing of this lawsuit, Benco has had actual knowledge that Midmark Track Light Monitors, when used in a dental office in conjunction with a dental light and dental chair, infringed claims of the '252, '041, '274, '045 and '911 patents, and sales of the Midmark Track Light Monitors to the dental office market would therefore induce infringement of the patents.

73. Since the filing of this complaint, Benco has had actual knowledge that Midmark Track Light Monitors, when used in a dental office in conjunction with a dental light and dental chair, infringed claims of the '911 patent, and sales of the Midmark Track Light Monitors to the dental office market would therefore induce infringement of the patent.

74. Benco sold and offered for sale Midmark Track Light Monitors in the dental office market despite an objectively high likelihood that its actions would induce infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Benco.

14

75. Benco has willfully induced infringement of claims of the '252, '041, '274, '045 and '911 patents by selling and offering for sale Midmark Track Light Monitors to the dental office market.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment against Midmark and Benco, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, together with prejudgment interest from the date that Defendants' infringement of the Plaintiffs' patents began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Plaintiffs of their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the asserted patents; and

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

Dated: April 11, 2016　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Anthony E. Dowell
　　　　　　　　　　　　　　　　　　Anthony E. Dowell
　　　　　　　　　　　　　　　　　　aedowell@dowellip.com
　　　　　　　　　　　　　　　　　　DOWELL IP
　　　　　　　　　　　　　　　　　　333 W. North Ave #341
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60610
　　　　　　　　　　　　　　　　　　Phone: (312) 291-8351

　　　　　　　　　　　　　　　　　　**ATTORNEY FOR PLAINTIFFS**
　　　　　　　　　　　　　　　　　　**TGR INTELLECTUAL PROPERTIES, LLC**
　　　　　　　　　　　　　　　　　　**AND FLEXVIEW SYSTEMS, LLC**